

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

December 22, 2006

Mr. Mike Geeslin
Commissioner of Insurance
Texas Department of Insurance
Post Office Box 149104
Austin, Texas 78714-9104

Opinion No. GA-0495

Re: Whether the Texas Department of Insurance is prohibited from disclosing the identities of companies writing commercial property insurance along the Texas coast (RQ-0502-GA)

Dear Commissioner Geeslin:

You ask whether section 38.003(d) of the Insurance Code prohibits the Texas Department of Insurance (the "Department") from disclosing the identities of companies writing commercial property insurance along the Texas coast.[1]

In May of 2006, the Department addressed a written "inquiry to twenty-five groups of Tier 1 and Tier 2 commercial property insurers." Request Letter, *supra* note 1, at 1.[2] The Department asked the insurers to provide responses to a number of questions, including whether the insurers were writing new policies and renewals in Tier 1 and Tier 2; what deductibles were available in those areas; whether insurers were providing wind coverage in Tier 1; and whether the insurers applied special restrictions on coverage. *Id.* The Department also requested that the insurers specify "all answers that were changes in underwriting guidelines since September 1, 2005." *Id.* You state that in response to the Department's request that an insurer designate and label any information it deemed to be confidential, "several of the insurers identified their responses as proprietary and confidential." *Id.* at 2.

You question whether the Department may release a list of companies writing commercial insurance policies along the Texas coast. You particularly note that "[i]t is not the goal or intent to release specific underwriting criteria or formulas." *Id.* at 3. You have assured us that you propose to release only the identities of those companies that are writing policies.[3]

---

[1]Letter from Commissioner Mike Geeslin, Texas Department of Insurance, to Honorable Greg Abbott, Attorney General of Texas (Aug. 23, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]"Tier 1" refers to a county that is adjacent to the Texas coast, and "Tier 2" refers to a county that is adjacent to a "Tier 1" county. *See* TEX. INS. CODE ANN., art. 21.49, § 3(*l*)–(m) (Vernon Supp. 2006).

[3]Telephone Conversation with Gene C. Jarmon, General Counsel, Texas Dep't of Insurance (Sept. 22, 2006).

Chapter 38 of the Insurance Code relates to "data collection and reports" by the Department. Section 38.001 provides, in relevant part:

> (b) The department may address a reasonable inquiry to any insurance company . . . relating to:
>
>> (1) the person's business condition; or
>
>> (2) any matter connected with the person's transactions that the department considers necessary for the public good or for the proper discharge of the department's duties.
>
> . . . .
>
> (d) A response made under this section that is otherwise privileged or confidential by law remains privileged or confidential until introduced into evidence at an administrative hearing or in a court.

TEX. INS. CODE ANN. § 38.001(b), (d) (Vernon Supp. 2006).

Section 38.002 relates to "underwriting guidelines for personal automobile and residential property insurance," while section 38.003 relates to "underwriting guidelines for other lines," including commercial property insurance. Section 38.003 provides that underwriting guidelines are confidential and will not be made available to the public by the Department. *Id.* § 38.003(d). The term "underwriting guideline" is not defined in section 38.003, but it *is* defined in section 38.002. In that section, "underwriting guideline" means:

> a rule, standard, guideline, or practice, whether written, oral, or electronic, that is used by an insurer or its agent to decide whether to accept or reject an application for coverage under a personal automobile insurance policy or residential property insurance policy or to determine how to classify those risks that are accepted for the purpose of determining a rate.

*Id.* § 38.002(a)(4). Section 38.003 was amended in 2003 as part of the same bill that added the present version of section 38.002. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 206, § 8.01, 2003 Tex. Gen. Laws 907, 932–33. When "construing a statutory word or phrase, the court may take into consideration the meaning of the same or similar language used elsewhere in the act or in another act of similar nature." *L & M-Surco Mfg., Inc. v. Winn Title Co.*, 580 S.W.2d 920, 926 (Tex. Civ. App.—Tyler 1979, writ dism'd). "This rule applies with particular force where the meaning of a word as used in one act is clear . . . and the same word is subsequently used in another act pertaining to the same subject." *Id.*; *accord Guthery v. Taylor*, 112 S.W.3d 715, 721 (Tex. App.—Houston [14th Dist.] 2003, no pet.). We may with confidence import the definition of "underwriting

guideline" from section 38.002 into section 38.003, substituting "commercial property insurance policy" for "personal automobile insurance policy or residential property insurance policy."

A question remains, however, about whether the term "underwriting guideline" embraces a list of companies that write policies along the Texas coast. The mere fact that a company writes policies for a particular area does not, in our view, constitute an "underwriting guideline." That fact is neither a "rule," a "standard," a "guideline," nor a "practice" whereby "an insurer or its agent [decides] whether to accept or reject an application for coverage . . . or to determine how to classify those risks that are accepted for the purpose of determining a rate." *See* TEX. INS. CODE ANN. § 38.002(a)(4) (Vernon Supp. 2006). If the legislature had intended to include a mere statement of fact in the definition of "underwriting guideline." it could have easily done so. We believe a court would conclude that whether a company writes policies in a particular area is simply a statement of fact. The Department's release of such information may not fairly be said to constitute an act prohibited by section 38.003(d) of the Insurance Code.

We conclude that section 38.003(d) of the Insurance Code does not prohibit the Department from disclosing the identities of companies writing commercial property insurance along the Texas coast.

## S U M M A R Y

The Texas Department of Insurance is not prohibited by section 38.003(d) of the Insurance Code from disclosing the identities of companies writing commercial property insurance along the Texas coast.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee